1  McGREGOR W. SCOTT
   United States Attorney
2  TANYA B. SYED
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone:  (916) 554-2700
   Facsimile:   (916) 554-2900
5
6  Attorneys for Plaintiff
   United States of America
7
8
                    IN THE UNITED STATES DISTRICT COURT
9
                     EASTERN DISTRICT OF CALIFORNIA
10
11  UNITED STATES OF AMERICA,              CASE NO.  2:18-CR-0079-MCE

12                          Plaintiff,     STIPULATION REGARDING USE OF
                                           VIDEOCONFERENCING DURING ADMIT/DENY
13             v.                          HEARING; FINDINGS AND ORDER

14  LOREN SHAWN PATRICK,                   DATE: December 3, 2020
                                           TIME: 10:00 a.m.
15                          Defendant.     COURT: Hon. Morrison C. England, Jr.

16

17                            **BACKGROUND**

18        On December 20, 2019, a superseding petition was filed alleging that the offender, Loren Shawn

19  Patrick, had violated five conditions of his supervised release.  ECF 76.  The parties are prepared to

20  proceed with an admit/deny hearing on December 3, 2020.

21        On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act

22  ("CARES Act").  The CARES Act empowered the Judicial Conference of the United States and Chief

23  District Judges to authorize supervised release revocation proceedings by video or telephonic conference

24  if the Judicial Conference of the United States made certain findings.  *Id.*, Pub. L. 116-23 § 15002(b)(1).

25  On March 29, 2020, the Judicial Conference of the United States made the findings required by the

26  CARES Act, concluding that "emergency conditions due to the national emergency declared by the

27  President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the

28  ///

                STIPULATION REGARDING USE OF VIDEOCONFERENCE        1

1  Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the

2  functioning of the federal courts generally."

3      On June 29, 2020, the Chief Judge of this District, per General Order 620, also made the findings

4  required by the CARES Act, authorizing the use of videoconference, or telephone conferencing if

5  videoconference is not reasonably available, for all events listed in Section 15002(b) of the CARES Act,

6  including supervised release revocation proceedings under Fed. R. Crim. P. 32.1.  Accordingly, the

7  findings of the Judicial Conference and General Order 620 establish that supervised release revocation

8  proceedings cannot take safely take place in person.

9      The parties hereby stipulate and agree that each of the requirements of the CARES Act have

10  been satisfied in this case.  Specifically, for the reasons further set forth below, the parties agree that:

11      1)      The admit/deny hearing in this case cannot be further delayed without serious harm to the

12  interest of justice, given the public health restrictions on physical contact and court closures existing in

13  the Eastern District of California; and

14      2)      The offender waives his physical presence at the hearing and consents to remote hearing

15  by videoconference and counsel joins in that waiver.

16                                  **STIPULATION**

17      Plaintiff United States of America, by and through its counsel of record, and offender, by and

18  through offender's counsel of record, hereby stipulate as follows:

19      1.      The Governor of the State of California declared a Proclamation of a State of Emergency

20  to exist in California on March 4, 2020.

21      2.      On March 13, 2020, the President of the United States issued a proclamation declaring a

22  National Emergency in response to the COVID-19 pandemic.

23      3.      In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and

24  other public health authorities have suggested the public avoid social gatherings in groups of more than

25  10 people and practice physical distancing (within about six feet) between individuals to potentially

26  slow the spread of COVID-19.  The virus is thought to spread mainly from person-to-person contact,

27  and no vaccine currently exists.

28  ///

1      4.      These social distancing guidelines – which are essential to combatting the virus – are

2  generally not compatible with holding in-person court hearings.

3      5.      On March 17, 2020, this Court issued General Order 611, noting the President and

4  Governor of California's emergency declarations and CDC guidance, and indicating that public health

5  authorities within the Eastern District had taken measures to limit the size of gatherings and practice

6  social distancing.  The Order suspended all jury trials in the Eastern District of California scheduled to

7  commence before May 1, 2020.

8      6.      On March 18, 2020, General Order 612 was issued. The Order closed each of the

9  courthouses in the Eastern District of California to the public.  It further authorized assigned district

10  court judges to continue criminal matters after May 1, 2020 and excluded time under the Speedy Trial

11  Act.  General Order 612 incorporated General Order 611's findings regarding the health dangers posed

12  by the pandemic.

13      7.      On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial

14  emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's "critically low

15  resources across its heavy caseload."  The report accompanying the Judicial Council's declaration

16  analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the

17  District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in

18  weighted filings) and its shortage of judicial resources (the District is currently authorized only six

19  district judges; two of those positions are currently vacant and without nominations).  The report further

20  explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its

21  guidance regarding gatherings of individuals.

22      8.      On April 17, 2020, General Order 617 issued, continuing court closures through June 1,

23  2020 and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

24      9.      On May 13, 2020, General Order 618 issued, continuing court closures until further

25  notice and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

26      10.     On June 29, 2020, this Court issued General Order 620, finding that felony pleas and

27  felony sentencings could not be conducted in person without seriously jeopardizing public health and

28  safety, and authorizing the use of videoconference, or telephone conferencing if videoconference is not

1  reasonably available, for all events listed in Section 15002(b) of the CARES Act, including supervised

2  release revocation proceedings.

3  　　　　11.　　On September 30, 2020, this Court issued General Order 624, extending the findings in

4  General Order 620.

5  　　　　12.　　Given these facts, it is essential that Judges in this District resolve as many matters as

6  possible via videoconference and teleconference during the COVID-19 pandemic.  By holding these

7  hearings now, this District will be in a better position to work through the backlog of criminal and civil

8  matters once in-person hearings resume.

9  　　　　13.　　The offender has an interest in resolving his case by proceeding to an admit/deny

10  hearing.  Were this Court to delay the admit/deny hearing until a time when the proceeding may be held

11  in person, the offender's interest in furthering his case toward resolution would be thwarted.  The

12  admit/deny hearing in this case accordingly cannot be further delayed without serious harm to the

13  interests of justice.

14  　　　　14.　　Under CARES Act § 15002(b), offender consents to proceed with this hearing by video-

15  teleconference.  Counsel joins in this consent.

16  　　　　IT IS SO STIPULATED.

17

18

19  Dated:  November 30, 2020　　　　　　　　　McGREGOR W. SCOTT
　　　　　　　　　　　　　　　　　　　　　　United States Attorney

20

21  　　　　　　　　　　　　　　　　　　　　/s/ TANYA B. SYED
　　　　　　　　　　　　　　　　　　　　TANYA B. SYED
　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney

22

23

24  Dated:  November 30, 2020　　　　　　　　　/s/ TIM ZINDEL
　　　　　　　　　　　　　　　　　　　　TIM ZINDEL
　　　　　　　　　　　　　　　　　　　　Counsel for Defendant

25  　　　　　　　　　　　　　　　　　　　　LOREN SHAWN PATRICK

26  ///

27  ///

28  ///

STIPULATION REGARDING USE OF VIDEOCONFERENCE　　4

**FINDINGS AND ORDER**

1.      The Court adopts the findings above.

2.      Further, the Court specifically finds that:

        a)      The admit/deny hearing in this case cannot be further delayed without serious harm to the interest of justice; and

        b)      The offender has waived his physical presence at the hearing and consents to remote hearing by videoconference.

3.      Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act, General Order 616, and General Order 620, the admit/deny hearing in this case will be conducted by videoconference.

        IT IS SO ORDERED.


Dated:  December 1, 2020

_____
MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE

STIPULATION REGARDING USE OF VIDEOCONFERENCE          5